IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-10558

KARIN JACOBS, PATRIA JACOBS, AND JOEANN FROST

Plaintiffs-Appellants

V.

WILLIAM K. TAPSCOTT, JR. AND BARON & BUDD, P.C.

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
3:04-CV-1968

Before DAVIS and SOUTHWICK, Circuit Judges, and CLARK, District Judge.[*]
PER CURIAM:[**]

Appellants in this case challenge the dismissal of their suit pretrial in an order granting a motion for summary judgment (dismissing some of the claims) and a later judgment as a matter of law (dismissing the remaining claims).

The plaintiffs-appellants are the heirs of Carl Jacobs, who died of mesothelioma as a result of asbestos exposure. The defendants-appellees are attorney William Tapscott, and his then employer, the law firm of Baron &

---

[*] District Judge of the Eastern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Budd, who represented plaintiffs in their asbestos-related litigation against numerous corporate defendants. Before the June 1999 trial setting of the asbestos litigation, the appellees negotiated settlements with the asbestos defendants for a total of $2.4 to $2.5 million. After the settlement was agreed to, one of the defendants withdrew its offer. Other defendants filed bankruptcy proceedings. As a result, counsel collected only $2.1 million of the settlement sum.

Plaintiffs were dissatisfied with counsels' service, primarily because all of the settlement funds were not collected. Plaintiffs sued their attorneys on theories of negligence, misrepresentation, gross negligence, breach of contract, and breach of fiduciary duty. Specifically plaintiffs alleged that they were not informed of certain settlement details, such as the fact that it would not be paid entirely in cash; because one company, Pittsburgh Corning Corporation ("PCC") had pulled its settlement agreement; because certain other defendants were in poor financial condition or bankrupt; because the attorneys did not obtain written confirmation of settlements and did not protect plaintiffs from the consequences of post-settlement bankruptcy of asbestos defendants; and because they were not notified of renegotiations of settlement amounts.

The district court granted the defendants' Motion for Summary Judgment as to all claims except two breach of fiduciary duty claims. Based on our review of the record and applicable law, we agree with the district court that summary judgment was appropriate on plaintiffs' claims of negligence, misrepresentation, gross negligence, breach of contract, and breach of fiduciary duty. We agree with the district court that: (1) plaintiffs failed to demonstrate they were damaged from counsels' alleged negligence and misrepresentation; (2) plaintiffs failed to state a claim predicated on gross negligence; and (3) plaintiffs' breach of contract claim was an impermissibly fractured malpractice claim. In addition, apart from the two fiduciary duty claims that survived the motion for summary judgment,

plaintiffs' breach of fiduciary duty claims were either impermissibly fractured malpractice claims or were barred because they were not raised in plaintiffs' original complaint.  Essentially for the reasons assigned in the district court's thorough September 25, 2006 order, we agree that the court correctly granted summary judgment on the claims covered by that order.

The two remaining prongs of plaintiffs' fiduciary duty claim were heard by a jury.  The two remaining claims were :

(1)    that defendants had improperly used and exercised the powers of attorney granted to them in the employment agreements with plaintiffs so as to improperly gain the benefit of attorney's fees and avoid the necessity and expense of a jury trial; and

(2)    that defendants breached their fiduciary duties by deliberately lying to plaintiffs and telling them that the entire underlying litigation had settled, without telling them that a single defendant, Pittsburgh Corning, had not settled.

The jury rejected the first claim and rendered a verdict in favor of plaintiffs on the second claim, awarding them $129,000.  Thereafter on Motion for Judgment as a Matter of Law, the district court dismissed the second claim, rendering judgment for defendants notwithstanding the jury's verdict.

Again based on our review of the record, we agree with the district court that the evidence was legally insufficient to prove that Tapscott deliberately lied to plaintiffs, because there was no proof of when he knew that Pittsburgh Corning had pulled its settlement offer in relation to when he told plaintiffs that their case had settled in full.  Any claim that the defendants later concealed the fact or failed to inform them that the settlement with Pittsburgh Corning had been withdrawn did not survive the motion for summary judgment.  The narrow fiduciary duty issue that survived the motion for summary judgment was described by the district court in the order disposing of that motion as "an

alleged deliberate lie rather than a mere failure to communicate or inform." In addition, the district court properly stated that a claim of failure to communicate is a fractured claim of legal malpractice, which claims were disposed of in the motion for summary judgment. Essentially for the reasons assigned in the district court's thorough April 12, 2007 order, we agree that the court correctly granted judgment as a matter of law on the claim that defendants breached their fiduciary duty by deliberately lying to the plaintiffs. Because plaintiffs' fiduciary duty claims were properly rejected, their attorney fee disgorgement claim was properly denied.

AFFIRMED.